UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRIAN FRANKLIN EVANS,
Plaintiff-Appellee,

v.

No. 99-6716

CARL KENNY WELCH, Sheriff;
RICHARD ROLLINS, Jail Administrator;
MASON CASSIDY, Jailer,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Margaret B. Seymour, District Judge.
(CA-98-1220)

Submitted: October 29, 1999

Decided: April 20, 2000

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

William Henry Davidson, II, Andrew Frederick Lindemann, James
Miller Davis, Jr., DAVIDSON, MORRISON & LINDEMANN, P.A.,
Columbia, South Carolina, for Appellant. Brian Franklin Evans,
Appellee Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, the sheriff of Chesterfield County, South Carolina, and two of his employees at the Chesterfield County Detention Center ("CCDC"), appeal from the district court's order partially denying their motion for summary judgment.**1** We affirm in part and dismiss in part.

Appellee Brian Franklin Evans, the plaintiff below, alleged in his complaint that the Appellants violated his rights during three incidents while he was detained at CCDC pending trial. The Appellants moved for summary judgment, which was granted as to Evans' claims arising from two of those incidents but denied as to the third incident. In that incident, according to Evans' allegations, one of the Appellants questioned him about the charges against him; when Evans refused to answer questions, he was placed in solitary confinement for forty-seven days.

The district court ruled that summary judgment was not appropriate as to this incident because there was a dispute of fact about whether Evans had been placed in solitary confinement as he alleged. The court also ruled that Evans did not have to allege a specific injury and that the Appellants were not entitled to qualified immunity as to Evans' claim that he had been placed in solitary confinement as punishment for his lack of cooperation with efforts to interrogate him.

The Appellants challenge all three of these issues on appeal. At this stage of the proceedings, however, we may only consider whether the Appellants are entitled to qualified immunity as a matter of law, not whether the district court properly ruled that the record contained suf-

_____

**1** The parties have not challenged the portions of the district court's order granting summary judgment.

2

ficient conflicting evidence to preclude summary judgment. See John-son v. Jones, 515 U.S. 304, 319-20 (1995); Gould v. Davis, 165 F.2d 265, 268-69 (4th Cir. 1998).**2** On the sole question that is properly before us, we hold that the district court properly concluded that Evans' allegation that he was placed in solitary confinement as pun-ishment for refusing to be interrogated describes a violation of clearly established law. See Gray v. Spillman, 925 F.2d 90, 93 (4th Cir. 1991) (holding that it is unconstitutional to punish a pre-trial detainee for refusing to answer questions); see also O'Bar v. Pinion, 953 F.2d 74, 84-85 (4th Cir. 1991) (recognizing that administrative segregation can be a form of punishment); cf. Bell v. Wolfish , 441 U.S. 520, 539 (1979) (noting the general rule that it is unconstitutional to inflict punishment on pre-trial detainees).

Accordingly, we affirm the district court's ruling denying qualified immunity and dismiss the remainder of this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART
_____
**2** Because of this jurisdictional limitation, we do not consider the effect on this case of Title 42, Section 1997e(e) of the United States Code, which bars suits by prisoners absent a showing of physical injury.

3